# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

**JOSE LOUIS RODRIGUEZ**                                   **CIVIL ACTION**

**VERSUS**                                                 **NO: 23-7344**

**TANGIPAHOA PARISH JAIL ET AL.**                          **SECTION "H"**

## ORDER AND REASONS

Before the Court is Defendants Tangipahoa Parish Jail and Tangipahoa Sheriff's Office's Rule 12(b)(6) Motion to Dismiss (Doc. 7). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

This case arises out of Plaintiff Jose Louis Rodriguez's alleged unlawful arrest and detention at Tangipahoa Parish Jail. On January 6, 2023, Plaintiff was arrested by deputies with the Tangipahoa Sheriff's Office related to alleged stolen property. As part of the booking process, Plaintiff's fingerprints were sent to the Federal Bureau of Investigations and to U.S. Immigrations and Customs Enforcement ("ICE"). On January 9, 2023, Plaintiff posted bond but was not released because of an immigration detainer sent by ICE to the Tangipahoa Sheriff's Office. The detainer named "Mr. Jose Rodrigues-Leiva," a citizen of Honduras, as the subject of ongoing removal proceedings and

1

requested that the Sheriff's Office hold him for an additional 48 hours "beyond the time when he/she would otherwise have been released."[1]

The name on the detainer did not match Plaintiff's name. Plaintiff also alleges that, upon his initial booking, he provided his driver's license, social security card, and informed numerous employees at the Sheriff's Office that he was a United States citizen.[2] Plaintiff now brings claims under 42 U.S.C. § 1983 claims for violation of the Fourth and Fourteenth Amendments and for false imprisonment under Louisiana law against Defendants Tangipahoa Parish Jail, Tangipahoa Sheriff's Office, Daniel Edwards, and Heath Martin.[3] Before the Court is Defendants Tangipahoa Parish Jail and Tangipahoa Sheriff's Office's Rule 12(b)(6) Motion to Dismiss. Plaintiff has failed to file an opposition into the record.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[4] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[5] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[6] The Court need not, however, accept as true legal conclusions couched as factual allegations.[7]

---

[1] Doc. 1 at 6.
[2] *Id.*
[3] Daniel Edwards is named in his official capacity as Sheriff of Tangipahoa Parish. Heath Martin is named in his official capacity as Warden of Tangipahoa Parish Jail.
[4] Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[5] *Id.*
[6] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[7] *Iqbal*, 556 U.S. at 667.

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[8] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[9] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[10]

## LAW AND ANALYSIS

Defendants Tangipahoa Parish Jail and Tangipahoa Sheriff's Office move this Court to dismiss Plaintiff's claims against them because they are not juridical persons capable of being sued. The capacity of a non-individual or non-corporation to sue or be sued is determined "by the law of the state where the court is located."[11] Under Louisiana law, "[a]n entity must be characterized as a juridical person in order to be sued."[12] "A juridical person is an entity to which the law attributes personality, such as a corporation or a partnership."[13] And under Louisiana law, sheriff's offices and parish jails such as Defendants Tangipahoa Parish Jail and Tangipahoa Sheriff's Office are not juridical persons capable of being sued.[14] Plaintiff has therefore failed to state a claim against these defendants.

---

[8] *Id.*

[9] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

[10] *Lormand*, 565 F.3d at 255–57.

[11] FED. R. CIV. P. 17(b).

[12] Neighbors of 200 Henry Clay Ave. v. Bd. of Zoning Adjustment, 335 So. 3d 255, 259–60 (La. App. 4th Cir. 2022) (internal citations omitted).

[13] LA. CIV. CODE art. 24.

[14] *See* Chandler v. Ouachita Par. Sheriff's Office, 121 So. 3d 1216, 1219 n.1 (La. App. 2d Cir. 2013) (citing Ferguson v. Stephens, 623 So. 2d 711, 714–15 (La. App. 4th Cir. 1993)) ("A sheriff's office is not a legal entity capable of being sued."); Valentine v. Bonneville Ins. Co., 691 So. 2d 665, 668 (La. 1997) ("It is well settled in the lower courts that a Sheriff's Department is not a legal entity capable of being sued."); Wetzel v. St. Tammany Par. Jail, 610 F. Supp. 2d 545, 549 (E.D. La. Mar. 5, 2009) (Zainey, J.) (finding that the parish jail is

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion is **GRANTED**. **IT IS ORDERED** that Plaintiff's claims against Defendants Tangipahoa Parish Jail and Tangipahoa Sheriff's Office are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 27th day of June, 2024.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

"not 'legally empowered to do' anything independently of either the parish officials or the parish sheriff" and therefore is not a juridical entity capable of being sued); Allbritton v. Tangipahoa Par. Jail, No. 23-1834, 2024 WL 2739311, at *2 (E.D. La. May 14, 2024) (Roby, J.) (quoting Douglas v. Gusman, 567 F. Supp. 2d 877, 892 (E.D. La. June 9, 2008)) ("Because a jail is not a juridical entity under state law, 'a prison or jail or its administrative departments are not entities that can be sued under Section 1983 . . . .'").