# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOSE LOUIS RODRIGUEZ** | **CIVIL ACTION** |
| **VERSUS** | **NO: 23-7344** |
| **TANGIPAHOA PARISH JAIL ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Defendants Mayo K. Bonnet and the United States of America's Partial Motion to Dismiss (Doc. 28). For the following reasons, Defendants' Motion is **GRANTED**.

## BACKGROUND

This case arises out of Plaintiff Jose Louis Rodriguez's alleged unlawful arrest and detention at Tangipahoa Parish Jail. On January 6, 2023, Plaintiff was arrested by deputies with the Tangipahoa Sheriff's Office related to alleged stolen property. As part of the booking process, Plaintiff's fingerprints were sent to the Federal Bureau of Investigations and to U.S. Immigrations and Customs Enforcement ("ICE"). On January 9, 2023, Plaintiff posted bond but was not released because of an immigration detainer form issued by ICE, through its employee Officer Mayo K. Bonnet, to the Tangipahoa Sheriff's Office.[1] The detainer form named "Mr. Jose Rodrigues-Leiva," a citizen of Honduras, as the subject of ongoing removal proceedings and requested that the Sheriff's Office hold him for an additional 48 hours beyond the time when

---

[1] The detainer was issued on January 10, 2023.

he would otherwise have been released.[2] Tangipahoa Sheriff's Officer detained Plaintiff and did not release him until January 13, 2023.

In his original Complaint, Plaintiff brought claims under 42 U.S.C. § 1983 for violation of the Fourth and Fourteenth Amendments and for false imprisonment under Louisiana law against Defendants Tangipahoa Parish Jail, Tangipahoa Sheriff's Office, Daniel Edwards, and Heath Martin. Daniel Edwards was named in his official capacity as Sheriff of Tangipahoa Parish. Heath Martin was named in his official capacity as Warden of Tangipahoa Parish Jail.[3] The Court later granted Defendants' motion to dismiss these claims.[4] Plaintiff filed the First Amended Complaint at issue here on August 14, 2024.

In his First Amended Complaint, Plaintiff brings claims under 42 U.S.C. § 1983 for violation of the Fourth and Fourteenth Amendments and false imprisonment under Louisiana law against Defendants the United States, ICE, and Bonnet.[5] Plaintiff also brings false imprisonment and negligence claims under the Federal Torts Claims Act ("FTCA") against Defendants ICE and Bonnet. Defendants move to dismiss some of these claims. Plaintiff opposes.[6]

---

[2] Plaintiff alleges that, upon his initial booking, he provided his driver's license, social security card, and informed numerous employees at the Sheriff's Office that he was a United States citizen. Doc. 14, ¶32.

[3] Doc. 1.

[4] Doc. 9.

[5] The Court note that Plaintiff did not thoroughly remove allegations against and prayers for relief from the now-dismissed Defendants Tangipahoa Parish Jail, Tangipahoa Sheriff's Office, Daniel Edwards, and Heath Martin. *See* Doc. 14.

[6] Doc. 30.

## LEGAL STANDARD

### I.    Jurisdiction

A motion to dismiss under Fed. R. Civ. P. 12(b)(1) challenges the subject matter jurisdiction of a federal district court. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[7] "In making a jurisdictional assessment, a federal court is not limited to the pleadings; it may look to any record evidence, and may receive affidavits, deposition testimony or live testimony concerning the facts underlying the citizenship of the parties. The court has wide, but not unfettered, discretion to determine what evidence to use in making its determination of jurisdiction."[8] "If complete diversity was not present at the time of filing, an action must be dismissed for want of subject matter jurisdiction."[9]

### II.    Failure to State a Claim

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face."[10] A claim is "plausible on its face" when the pleaded facts allow the court to "[d]raw the reasonable inference that the defendant is liable for the misconduct alleged."[11] A court must accept the complaint's factual allegations as true and must "draw all reasonable inferences in the plaintiff's favor."[12] The Court need not, however, accept as true legal conclusions couched as factual allegations.[13]

---

[7] Home Builders Ass'n of Miss., Inc. v. City of Madison, 143 F.3d 1006, 1010 (5th Cir. 1998).
[8] Coury v. Prot, 85 F.3d 244, 249 (5th Cir. 1996).
[9]  *Id*. at *7 (citing Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 570–71 (2004)).
[10] Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007)).
[11] *Id.*
[12] Lormand v. U.S. Unwired, Inc., 565 F.3d 228, 232 (5th Cir. 2009).
[13] *Iqbal*, 556 U.S. at 667.

To be legally sufficient, a complaint must establish more than a "sheer possibility" that the plaintiff's claims are true.[14] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice.[15] Rather, the complaint must contain enough factual allegations to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiffs' claim.[16]

## LAW AND ANALYSIS

### I.     Claims against Officer Bonnet

#### a. § 1983 Claims

In the instant Motion, Defendant Bonnet argues that he is not subject to suit under § 1983 because he is a federal officer acting under federal law and such claims against him should be dismissed. In response, Plaintiff asserts that the § 1983 claims against Bonnet are properly asserted because he is a federal officer who conspired with state officers to commit a constitutional deprivation of liberty when he sent the ICE detainer form and the state actors "blindly followed" it.[17]

Pursuant to 42 U.S.C. § 1983,

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, . . .

"[T]o state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2)

---

[14] *Id.*

[15] *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

[16] *Lormand*, 565 F.3d at 255–57.

[17] Doc. 14, ¶99.

4

demonstrate that the alleged deprivation was committed by a person acting under color of state law."[18] "Section 1983 protects persons who were deprived of rights, privileges, and immunities under color of state or local law, not federal law."[19] "No cause of action under § 1983 is cognizable, however, against the United States or federal officers."[20]

"[W]hen federal officials conspire or act jointly with state officials to deny constitutional rights, 'the state officials provide the requisite state action to make the entire conspiracy actionable under section 1983.'"[21] "Applying § 1983 liability to a *federal* actor requires further allegations that place the constitutional deprivation under state rather than federal law."[22] "Where the federal actor could have derived their authority to act under federal law, the consensus of circuit courts is that § 1983 necessitates evidence of a conspiracy between the federal actor and a state actor to deprive the plaintiff of his rights under color of *state* law."[23]

Defendants argue that Plaintiff has not pleaded that Defendant Bonnet conspired with the Tangipahoa Parish Sheriff's Office to deprive Plaintiff of his constitutional rights. In *Hernandez v. Causey*, the Fifth Circuit held that an ICE agent was not acting under the color of state law when he shot the petitioner after the agent arrived at the scene of a traffic stop by local police.[24] In doing so, the Fifth Circuit first clarified that the ICE Agent was a federal actor, and not a private one and further instructed that "[a]lthough the

---

[18] Resident Council of Allen Parkway Vill. v. U.S. Dep't of Hous. & Urb. Dev., 980 F.2d 1043, 1053 (5th Cir. 1993) (citing West v. Atkins, 487 U.S. 42, 48 (1988)).
[19] *Id.*
[20] Duncan v. Goedeke and Cleasey, 837 F. Supp. 846, 849 (S.D. Tex. 1993).
[21] Hernandez v. Causey, 124 F.4th 325, 335 (quoting Knights of Ku Klux Klan, Realm of La. V. E. Baton Rouge Par. Sch. Bd., 735 F.2d 895, 900 (5th Cir.)).
[22] *Id.* at 337.
[23] *Id.*
[24] 124 F.4th 325, 338 (5th Cir. 2024).

conspiracy need not be explicit, a § 1983 plaintiff suing a federal actor must show some evidence of an agreement between the federal and state actors to undertake the unconstitutional acts."[25] Finding that petitioner's complaint focused solely on the ICE Agent's conduct and alleged no facts that suggested there was a conspiracy between the federal official and state actors, the Court dismissed petitioner's § 1983 claims and determined that further amendment of the complaint would be futile.[26]

Here, it is undisputed that Defendant Bonnet, an Immigration Officer employed by ICE, is a federal actor.[27] The Court finds that Defendant Bonnet was acting under the color of federal law, not state law when he issued the ICE detainer. In neither his First Amended Complaint nor his Opposition to Plaintiff's Motion does Plaintiff allege details of a conspiracy between Defendant Bonnet and state officials or even allude to an agreement between them to unlawfully seize or detain Plaintiff. Indeed, Plaintiff does not allege any communication or interaction between Defendant Bonnet and the previously dismissed state actors beyond the faxing of the detainer form. Further, in his Opposition, Plaintiff states that "[t]he Tangipahoa Sheriff's Office acted jointly with ICE at the request of Agent Bonnet in continuing to detain Plaintiff."[28] The Court finds that Plaintiff's extended detention had its source in federal, not state law. As such, there is no basis for a § 1983 claim against Defendant Bonnet in his official capacity. Accordingly, Plaintiff has not stated a claim upon which relief can be granted and his § 1983 claims against Defendant Bonnet in his official capacity must be dismissed.[29]

---

[25] *Id.* at 336.
[26] *Id.* at 337.
[27] *See id.* at 335–36 (treating an ICE agent as a federal actor for its § 1983 analysis).
[28] Doc. 30 at 3.
[29] *See* Zernial v. United States, 714 F.2d 431, 435 (5th Cir.1983).

b. *Bivens* Claims

Defendants argue that, to the extent that Plaintiff has alleged a *Bivens* claim against Defendant Bonnet, his claim is untimely.[30] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, the Supreme Court authorized damages actions against federal officers in their individual capacities for violating an individual's Fourth Amendment rights by performing an unlawful search.[31] "Because there is no federal statute of limitations for § 1983 and *Bivens* claims, federal courts apply the general personal injury limitations period and tolling provisions of the forum state," which in Louisiana is one year.[32] Here, any potential *Bivens* claim accrued on January 10, 2023— the day Bonnet issued the ICE detainer for Plaintiff. Accordingly, any *Bivens* claim against Defendant Bonnet prescribed on January 10, 2024.[33] Plaintiff did not bring claims against Defendant Bonnet until he filed his First Amended Complaint on August 14, 2024. Plaintiff contends, however, that his *Bivens* claim is timely because it relates back to the filing of the FTCA claim on September 26, 2023.[34]

---

[30] Defendant further argues that any amendment would not relate back to the initial complaint in the event a *Bivens* claim has not been alleged.

[31] *Hernandez*, 124 F.4th at 331 (citing *Bivens*, 403 U.S. at 388 (1971)).

[32] Starks v. Hollier, 295 F. App'x 664, 665 (5th Cir. 2008); Smith v. Reg'l Transit Auth., 827 F.3d 412, 421 (5th Cir. 2016) (quoting Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998)). Louisiana Civil Code article 3493.1, effective July 1, 2024, provides that delictual actions are now subject to a liberative prescription period of two years. The provisions of Act. No. 423, enacting the changes to this prescriptive period, "shall be given prospective application only and shall apply to delictual actions arising after the effective date" of the Act." 2024 La. Act No. 423 at 2. As such, the former one-year prescriptive period applies to incidents at issue here which took place in 2023.

[33] While "[f]ederal law determines when a § 1983 claim accrues . . . [;]t is the plaintiff's knowledge of the events that triggers the limitations period." Whitley v. Sherrod, No. 1:10-CV-01921, 2012 WL 7001535, (W.D. La. Nov. 26, 2012). Here, Plaintiff does not challenge Defendants' assertion that the limitations period for any *Bivens* claim against Defendant Bonnet started to accrue on January 10, 2023.

[34] *See* Doc. 36 at 5, n.1. "[U]nderstanding the Court has discretion to allow Plaintiff leave to amend his complaint to name Bonnet in his individual capacity, the instant motion

Federal Rule of Civil Procedure 15 allows amended pleadings that change or add parties that relate back. Rule 15(c)(1)(C) details the circumstances under which an amendment to a pleading relates back to the date of the original pleading; they are when:

> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the [90-day time] period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Under Rule 15(c)(2),

> [w]hen the United States or a United States officer or agency is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C)(i) and (ii) are satisfied if, during the stated period, process was delivered or mailed to the United States attorney or the United States attorney's designee, to the Attorney General of the United States, or to the officer or agency.

"Plaintiffs have the burden to demonstrate that an amended complaint relates back under Rule 15(c)."[35] "With respect to whether the party named in the amended pleading received sufficient notice, the Fifth Circuit has made clear

---

establishes any new amendment would be futile do to the meritless/untimeliness of the claims."

[35] Goodyear Tire & Rubber Co. v. CEVA Logistics Singapore Pte Ltd, No. CV 22-4561, 2023 WL 6482688, at *6 (E.D. La. Oct. 5, 2023).

that actual notice is not required."[36] "When the original complaint 'is perfected upon an agent of a party sought to be brought in by amendment, there is adequate notice of the action to that party.'"[37] "[C]onstructive notice of suit occurs when there is an 'identity of interest' which generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other."[38]

Plaintiff argues that Bonnet had constructive notice of the claims against him when Plaintiff submitted an FTCA claim to Defendant ICE on September 26, 2023. Defendant ICE responded by letter on February 20, 2024, stating that they received his personal injury claims.[39] Plaintiff filed his initial Complaint on December 19, 2023 against state actors.

The Court finds decisions from courts in other districts helpful in addressing the specific facts before it here. In *Drake v. United States*, the United States District Court for the Southern District of Indiana, Terre Haute Division denied the plaintiff's request to amend his complaint to assert an untimely *Bivens* claim against an individual defendant because there was neither notice or mistake to warrant relation back.[40] The court held that there was no notice because while Rule 15(c)(2) "allows knowledge of the lawsuit to be inferred to United States officers and agencies when the Attorney General has been served. . . when the claim is against an employee in his individual capacity[,] knowledge of the suit cannot be inferred."[41]

---

[36] Halprin v. Fed. Deposit Ins. Corp., No. 5:13-CV-1042-RP, 2016 WL 4511109, at *4 (W.D. Tex. Aug. 26, 2016) (citing Sanders-Burns v. City of Plano, 594 F.3d 366, 374 (5th Cir. 2010)).
[37] *Sanders*, 594 F.3d at 374 (quoting Kirk v. Cronvich, 629 F.2d 404, 405 (5th Cir. 1980)).
[38] Romano v. Dollar Gen. Store No. 10500, No. CV 19-2376, 2020 WL 12846743, at *5 (E.D. La. Aug. 14, 2020).
[39] Doc. 14-4.
[40] No. 2:14-cv-00386-JMS-DKL, 2016 WL 4088724, at *3 (S.D. Ind. Aug. 1, 2016).
[41] *Id.*

Further, in *Vaupel v. United States* the United States District Court for the District of Colorado found that while Rule 15(c)(2) allows the addition of United States officials by amendment under the relation back doctrine, "it has been found not to apply to *Bivens* claims where the claims (which did not previously exist in the prior complaint) are asserted against officials in their individual capacities and such officials were not served within the statute of limitations."[42]

There is no dispute between the parties that Plaintiff's Amended Complaint arises out of the same occurrence set forth in his original Complaint; thus, the issue is whether Defendant ICE's awareness of Plaintiff's FTCA claim against it gave Defendant Bonnet constructive notice of possible *Bivens* claims against him in his individual capacity. Here, though Plaintiff (improperly) filed his FTCA claim against ICE and not the United States, the Court finds *Drake* persuasive. Plaintiff has provided no evidence to suggest that ICE as a United States agency had an identity of interest with Defendant Bonnet in his *individual* capacity.[43] As such, the Court finds that Defendant Bonnet did not have constructive notice of any potential *Bivens* claims against him through the filing of Plaintiff's FTCA claim. Plaintiff has not presented any other theory under which his *Bivens* claim could be timely. Accordingly, any *Bivens* claim against Defendant Bonnet in his individual capacity has prescribed.

## II.    Federal Torts Claims Act

In his First Amended Complaint, Plaintiff brings two claims under the FTCA for false imprisonment and negligence against Defendant Bonnet, ICE, and the United States. Defendants assert that the United States alone is the

---

[42] No. 07-CV-01443-PAB-KLM, 2011 WL 2144612, at *5 (D. Colo. May 12, 2011), report and recommendation adopted, No. 07-CV-01443-PAB-KLM, 2011 WL 2144608 (D. Colo. May 31, 2011), aff'd, 491 F. App'x 869 (10th Cir. 2012) (citing Trujillo v. Simer, 934 F.Supp. 1217, 1226 (D.Colo.1996)).

[43] *See Drake*, 2016 WL 4088724, at *3.

proper defendant under the FTCA, and the Court should therefore substitute the United States in place of Defendant Bonnet for any FTCA claim and dismiss the FTCA claims against ICE for lack of subject matter jurisdiction.

The FTCA, as amended by the Federal Employees Liability Reform and Tort Compensation Act of 1988, provides that a suit against the United States is the exclusive remedy for persons with claims for damages resulting from action of federal employees taken within the scope of their office or employment.[44] Once the Attorney General certifies

> that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.[45]

"It is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit."[46] Plaintiff does not dispute this point. As such, Plaintiff consents to the substitution of the United States in place of Defendant Bonnet and does not oppose the dismissal of the FTCA claims against ICE. Plaintiff's FTCA claims against Defendants Bonnet and ICE shall be dismissed. Plaintiff shall amend his Complaint to allege the proper defendant for his FTCA claims.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**.

**IT IS ORDERED** that Plaintiff's § 1983 claims against Defendant Officer Mayo K. Bonnet in his official capacity is **DISMISSED WITHOUT PREJUDICE**.

---

[44] *See* 28 U.S.C. § 2679(b)(1).
[45] 28 U.S.C. § 2679(d)(1).
[46] Galvin v. Occupational Safety & Health Admin., 860 F.2d 181, 183 (5th Cir. 1988).

**IT IS FURTHER ORDERED** that Plaintiff's *Bivens* claims against Defendant Mayo K. Bonnet in his individual capacity is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's FTCA claims against Defendants ICE and Bonnet are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend his Complaint to properly allege his FTCA claims against the United States within 14 days of this Court's ruling.

New Orleans, Louisiana this 15th day of July, 2025.

_____

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**